Chris Wangsgard, USB #3375
Nicholas U. Frandsen, USB #12512
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
CWangsgard@parsonsbehle.com
NFrandsen@parsonsbehle.com
ecf@parsonsbehle.com
Attorneys for Plaintiff KARILYN FRAZIER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KARILYN FRAZIER,<br><br>    Plaintiff,<br><br>vs.<br><br>WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P., a Texas limited partnership, dba WHOLE FOODS MARKET,<br><br>    Defendant. | **STIPULATED ATTORNEYS PLANNING MEETING REPORT**<br><br>Case No. 2:16-cv-00059-TS<br><br>The Honorable Ted Stewart |

**PRELIMINARY MATTERS**:

    a.    Nature of claims and any affirmative defenses:  Plaintiff Karilyn Frazier ("Plaintiff") asserts claims for (1) Discrimination Because of Race, and (2) Retaliation in Violation of Title VII.  Defendant Whole Foods Market Rocky Mountain/Southwest, L.P. ("Defendant" or "Whole Foods") generally denies Plaintiff's claims and asserts the following affirmative defenses: (1) Plaintiff's claims are barred based on her inability to show damages, (2) Plaintiff may have failed to mitigate her damages, (3) Plaintiff's claims are barred to the extent that she mitigated her damages, (4) At all times, Whole Foods acted with good faith

       and pursuant to applicable law, (5) Plaintiff's alleged damages, if any, were the result of her own voluntary acts and were not caused by Whole Foods, (6) Whole Foods had a legitimate business justification to terminate Plaintiff, and (7) Whole Foods did not knowingly, intentionally, willfully, or recklessly discriminate against Plaintiff.

    b.    This case has not been referred to a magistrate judge.

    c.    Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on March 9, 2016 via telephone conference.

        The following participated:

            Nicholas U. Frandsen, counsel for Plaintiffs, and

            Jason R. Hull, counsel for Defendant.

    d.    An initial pretrial scheduling conference has been scheduled for April 13, 2016, 10:00 a.m. in Room 8.400 before Magistrate Judge Evelyn J. Furse (Dkt. No. 14). The parties request the initial pretrial scheduling conference be cancelled and removed from the Court's calendar.

    e.    The parties will exchange by April 15, 2016 the initial disclosures required by Rule 26(a)(1).

    f.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2.    **DISCOVERY PLAN**:  The parties jointly propose to the Court the following discovery plan:

    a.    Discovery is necessary on all claims and defenses asserted in this matter.

    b.    Discovery will not be conducted in phases.

    c.    Discovery methods to be used and the limitations to be imposed.

        (1)    Oral Exam Depositions

        Maximum Number of Depositions by Plaintiffs: <u>10</u> (unless increased by agreement of parties)

        Maximum Number of Depositions by Defendants: <u>10</u> (unless increased by agreement of parties)

        Maximum Number of Hours for Each Deposition (unless extended by agreement of the parties): <u>7 hours</u>

(2) Maximum Number of Interrogatories by any Party to any Party: <u>25 Total</u>

        Maximum Number of Requests for Admissions by any Party to any Party: <u>25 Total</u>

        Maximum Number of Requests for Production of Documents by any Party to any Party: <u>25 Total</u>

d. The Parties shall handle discovery of electronically stored information as follows: The parties will produce electronically stored information as .pdf or .tif files. The parties agree that electronically stored information will not be produced in native format, with metadata, unless a party specifically requests such information with respect to a specifically identified document. In the event that native format files are requested, the requesting party shall bear any additional cost of production in that format.

e. The parties have agreed to abide by the Standard Protective Order referred to in DUCivR 26-2(a).

f. Last day to file written discovery: 10/30/16

g. Last day to file standard motions to compel: 12/15/16

h. Close of fact discovery: 11/30/16

i. Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e): Per Rule 26

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a. The cutoff dates for filing a motion to amend pleadings are:

Plaintiff: 7/30/16    Defendants: 8/20/16

b. The cutoff dates for filing a motion to join additional parties are:

Plaintiff: 6/30/16    Defendants: 6/30/16

4. **EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on:

4816-6684-5998.v2

        Party bearing burden of proof: 1/8/17

        Response: 2/8/17

        Counter report: 3/8/17

5. **OTHER DEADLINES**:

    a.    Expert Discovery cutoff: 4/8/17

    b.    Deadline for filing dispositive or potentially dispositive motions: 4/31/17

    c.    Deadline for filing partial or complete motions to exclude expert testimony: 4/31/17.

6. **ADR/SETTLEMENT**:

    a.    The potential for resolution before trial cannot be evaluated prior to the close of fact and expert discovery.

    b.    This case should not be referred to the court's alternative dispute resolution program for arbitration or mediation.

    c.    The parties will re-evaluate the case for settlement/ADR resolution on: 4/8/17.

7. **TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for jury trial by:  8/1/17

    c.    The estimated length of the trial is: 5 days.


/s/ *Nicholas U. Frandsen*                               Date: 03/11/16
Nicholas U. Frandsen
*Attorney for Plaintiff*


/s/ *Jason R. Hull*                                        Date: 03/11/16

*Attorney for Defendant*
(Electronically signed with permission of counsel)

4816-6684-5998.v2

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2016, I caused to be electronically filed the foregoing **STIPULATED ATTORNEYS PLANNING MEETING REPORT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the attorney below.  I also separately emailed a copy of the same to the attorneys below:

Jason R. Hull
Trevor C. Lang
MARSHALL OLSON & HULL, PC
Newhouse Building
Ten Exchange Place, Suite 350
Salt Lake City, Utah 84111

Kevin P. Perez
NEMIROW PEREZ, PC
445 Union Blvd., Suite 209
Lakewood, Colorado 80228

*Attorneys for Defendant*

/s/ Nicholas U. Frandsen

4816-6684-5998.v2