IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KARILYN FRAZIER,<br><br>    Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST, L.P., a Texas Limited Partnership, dba WHOLE FOODS MARKET,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br>Case No. 2:16-CV-59 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Partial Summary Judgment. Defendant seeks summary judgment on Plaintiff's first cause of action. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff began to work for Defendant in 2011 as a marketing specialist at Defendant's Park City store. In 2013, Plaintiff began working as a marketing specialist at Defendant's Trolley Square store. Plaintiff was promoted to the role of front-end team leader in April 2014. Plaintiff had never before worked in the front-end department and had not held a position similar to that of front-end team leader. However, she had been encouraged by others to move into a leadership position based on her relationships with the store's employees, the customers, and the community.

Upon becoming the front-end team leader, Plaintiff was to be trained by her supervisor. However, soon after she started in this position, her supervisor passed away. As a result,

1

Plaintiff received little training on how to perform certain job duties and had to rely on others who similarly lacked the requisite knowledge. Early in her tenure as front-end team leader, Plaintiff was the subject of a number of complaints from her subordinates. Those complaints were attributed to Plaintiff's lack of proper training.

In September 2014, Beverly Stoddard became the Store Team Leader. Soon after she started, Ms. Stoddard received several complaints about Plaintiff. Plaintiff was suspended pending an investigation into these complaints. After the investigation concluded, Plaintiff was allowed to return to work and placed on final warning status.

After Plaintiff returned, she was provided training at a store in Colorado. After receiving that training, things improved. Plaintiff was making progress and even those who were previously critical of her performance stated she was doing a good job. Both her supervisor, Ms. Stoddard, and her subordinate, Sean Rogan, confirmed that Plaintiff's performance was much improved after she received the proper training.

Despite this improved performance, Plaintiff was terminated in January 2015 for her conduct during a gift card promotion that Defendant concluded "violates the integrity of our business."[1]

Plaintiff brought suit on January 25, 2016. Plaintiff brings claims of race discrimination and retaliation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In

---

[1] Docket No. 22 Ex. K.

considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

III. DISCUSSION

Plaintiff's first cause of action is a claim for race discrimination. Defendant's Motion focuses on that part of Plaintiff's claim related to her termination. Generally, to establish a prima facie case of termination on the basis of race, Plaintiff must demonstrate that: (1) she was a member of a protect class; (2) she was qualified and satisfactorily performing her job; and (3) she was terminated under circumstances giving rise to an inference of discrimination.[5] The burden imposed on Plaintiff at the prima facie stage is not onerous.[6]

Defendant's Motion focuses on the second element. To meet this element, the Tenth Circuit has held that

> a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that she continued to possess the objective qualifications she held when she was hired, or by her own testimony that her work was satisfactory, even when disputed by her employer, or by evidence that she had held her position for a significant period of time.[7]

---

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004).

[6] *Tex. Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[7] *MacDonald v. E. Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir. 1991) (citations omitted).

3

Plaintiff easily meets this standard. Initially, there is testimony from Plaintiff stating that her work was satisfactory at the time of her termination. This evidence alone is sufficient to survive summary judgment even when, as here, it is disputed.[8] Plaintiff's testimony is corroborated by the testimony of Plaintiff's supervisor, Ms. Stoddard, and her subordinate, Mr. Rogan. Both Ms. Stoddard and Mr. Rogan testified that Plaintiff's performance improved after Plaintiff received training. Plaintiff and Ms. Stoddard further testified other employees informed them that Plaintiff was doing a good job during the time leading up to her termination.

Defendant argues that Plaintiff was not qualified to serve as a front-end team leader because: (1) she did not follow the normal route to team leader; and (2) she had no experience in the front-end department. Neither argument warrants summary judgment. Curiously, neither party has presented the Court with evidence concerning the necessary qualifications to be a front-end team leader. Without such evidence, the Court cannot conclude that Plaintiff was not qualified. Defendant merely points out that Plaintiff did not know how to perform certain tasks. However, the inability to perform these tasks does not necessarily lead to the conclusion that Plaintiff was not qualified.

Further, the fact that Plaintiff did not follow the route to team leader is irrelevant. Plaintiff testified that she was encouraged to apply for the position based on the skills she did possess. The fact that Plaintiff was hired for the position is some evidence that she possessed the necessary qualifications. Plaintiff's lack of experience in the front-end department is not determinative. Ms. Stoddard testified that people may get promoted within the company even if

---

[8] *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1166 n.3 (10th Cir. 1998) (statement from employee insisting his work was satisfactory was sufficient to satisfy this element).

they have little or no experience in that particular position. This is based on the belief that they can accomplish the necessary tasks of the job, even if they have not done those tasks before.[9] Thus, the fact that Plaintiff lacked experience in the front-end department does not mean that she did not possess the qualifications necessary to be a front-end team leader.

Next, Defendant argues that Plaintiff was not performing her job satisfactorily. Defendant points to a number of complaints that were lodged against Plaintiff, along with the final warning she received. However, as set forth above, there is evidence from Plaintiff and others that her performance had improved after she received training and was satisfactory at the time of her termination.[10]

Defendant argues that Plaintiff's conclusory statements are insufficient to overcome the evidence concerning Plaintiff's performance. Plaintiff has done more than just provide conclusory statements that her performance was satisfactory. She has presented the testimony of her former supervisor and former subordinate, both of whom confirm this assertion. This distinguishes this case from those relied upon by Defendant. These statements are further supported by the fact that the bulk of the complaints relied upon by Defendant were lodged prior

---

[9] Docket No. 22 Ex. B, at 118:15–119:3.

[10] Defendant incorrectly argues that the Court must evaluate this element from the manager's perception of Plaintiff's abilities, not Plaintiff's subjective view. Docket No. 22, at 13. The language relied upon by Defendant in support of this proposition comes from cases discussing pretext. *See Wiemer v. Learjet Inc.*, 113 F. App'x 887, 889 (10th Cir. 2004). While the Court examines pretext evidence from an employer's point of view, a different standard applies when determining whether Plaintiff has presented a prima facie case. As set forth above, Plaintiff may demonstrate a prima facie case through her own testimony that her work was satisfactory, even when disputed by her employer. *MacDonald*, 941 F.2d at 1121.

to Plaintiff receiving training.[11] All indications are that Plaintiff's performance greatly improved after this training and that she was performing her job satisfactorily at the time of her termination.

Defendant relies on *Denison v. Swaco Geolograph Co.*,[12] to argue that Plaintiff's evidence is deficient. Defendant argues that *Denison* requires Plaintiff to come forward with objective evidence of adequate performance in the form of promotion and pay increases or the lack of warning about unsatisfactory performance. Defendant reads too much into *Denison*. The Tenth Circuit in *Denison* did not state that such evidence was required to make out a prima facie case. Rather, the court stated that evidence that the plaintiff had received promotions and pay increases, was given no warnings about unsatisfactory performance, and that the divisions he worked for were generally profitable was sufficient evidence to meet a prima facie case.[13] The court did not require such evidence in all cases. Indeed, the court recognized that requiring a plaintiff to demonstrate her performance was flawless would collapse the *McDonnell Douglas* framework.[14] As stated, the Tenth Circuit has held that a plaintiff may establish her prima facie case through "her own testimony that her work was satisfactory, even when disputed by her

---

[11] Plaintiff had negative performance evaluations in October 2014. However, these evaluation forms were completed prior to the investigation that led to Plaintiff being placed on final warning. Docket No. 22 Ex. B, at 207:6–208:5.

[12] 941 F.2d 1416 (10th Cir. 1991). In its Reply, Defendant attributes a large block quote to *Denison*. Docket No. 24, at 7. However, the quoted language actually comes from *Whitley v. Peer Review Sys., Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000). There is nothing to suggest that the Tenth Circuit has adopted the standard set out by the Eighth Circuit in *Whitley*. Further, as set forth above, the evidence here consists of more than broad, conclusory statements that Plaintiff was performing her job adequately.

[13] *Denison*, 941 F.2d at 1420–21.

[14] *Id.* at 1421.

employer"[15] Plaintiff has done that here by presenting not only her own testimony, but the testimony of others. Therefore, summary judgment is improper.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 22) is DENIED.

DATED this 13th day of June, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[15] *MacDonald*, 941 F.2d at 1121.